UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Alliance Companies LLC, Alliance Partnership Services LLC, Alliance Credit Services LLC, Alliance Financial Services LLC, Alliance Affinity Services LLC, and Alliance Marketing Services LLC,

    Plaintiff,

v.

Alliance Data Systems Corporation

    Defendant.

Civil Action No.

05cv10781 NMG

MAGISTRATE JUDGE _____

## COMPLAINT

1. Plaintiffs Alliance Companies LLC, Alliance Partnership Services LLC, Alliance Credit Services LLC, Alliance Financial Services LLC, Alliance Affinity Services LLC, and Alliance Marketing Services LLC (collectively "The Alliance Companies" or "Plaintiff"), by their attorneys, bring this action for declaratory and other relief against Alliance Data Systems Corporation ("ADS" or "Defendant") pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

2. The Alliance Companies seek a judgment declaring that ADS cannot prevent the Alliance Companies from using their family of ALLIANCE marks to promote their goods and services in the Commonwealth of Massachusetts. The Alliance Companies further seek a judgment declaring that their use of their trademarks and associated trade dress, in connection with their offering of financial services is not likely to cause confusion, or to cause mistake, or to deceive as to: (1) the presence or absence of affiliation, connection or association of The Alliance Companies with ADS; or (2) the perceived origin, sponsorship, or approval of The Alliance Companies' goods, services, or commercial activities by ADS.

## THE PARTIES

3. Alliance Companies LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

4. Alliance Partnership Services LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

5. Alliance Credit Services LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

6. Alliance Financial Services LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

7. Alliance Affinity Services LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

8. Alliance Marketing Services LLC is a Delaware corporation with places of business at One Gateway Center, Newton, Massachusetts 02458 and 117 Bow Street, Portsmouth, New Hampshire 03801.

9. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 17655 Waterview Parkway, Dallas, Texas 75252.

## JURISDICTION AND VENUE

10. This is a civil action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for a declaration of rights and/or other legal relations of the parties to this litigation with respect to an actual controversy arising under trademark laws of the United States, 15 U.S.C. § 1501 et seq.

11. This Court has subject matter jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331, 1338, and this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

12. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

13. Alliance Companies LLC is the umbrella name which refers collectively to the operating companies Alliance Companies LLC, Alliance Partnership Services LLC, Alliance Credit Services LLC, Alliance Financial Services LLC, Alliance Affinity Services LLC, and Alliance Marketing Services LLC.

14. The Alliance Companies have been continuously using the name ALLIANCE in commerce in connection with financial services, particularly consulting services provided to banks and other financial companies, since January 2001.

15. The Alliance Companies have used their family of ALLIANCE marks in connection with their financial services throughout their nationwide operations. The Alliance Companies also created a website, *www.thealliancecompany.com*, in September 2002.

16. On information and belief, ADS's business offers and manages credit, debit and stored value cards for its clients, processes credit and debit card transactions and provides other services related to consumer information and customer loyalty.

17. On information or belief, ADS has registered the mark ALLIANCE DATA SYSTEMS and claimed use in that registration in connection with its business. The mark is accompanied by a red circle containing white cross-hatched lines creating an "A"-like shape.

18. On information and belief, Alliance Data Systems is most commonly known by its initials "ADS."

19. Upon information and belief, the word ALLIANCE, solely or in combination with other words, is used extensively nationwide as a business name. More than 6,000 companies nationwide have names that begin with the word "Alliance" – including dozens of companies that begin with the two words "Alliance Data." The American Business Directory alone lists more than 4,000 companies beginning with the word "Alliance." A search of the Patent and Trademark Office's database reveals nearly 300 pending and registered trademarks that begin with the word "Alliance."

20. Many of these businesses operate credit card, credit, or other financial related businesses.

21. By letter to The Alliance companies dated March 29, 2005, counsel for ADS alleged that The Alliance Companies' "use of the ALLIANCE name and mark in connection with the marketing and sale of its financial services, is likely to cause confusion, mistake, or deception of the public and those of ADS, and/or confusion or deception as to the sponsorship of approval of your company's services by ADS."

22. Furthermore, the letter threatened that "ADS will be forced to pursue its legal remedies if it does not receive satisfactory assurances that your company's use of the ALLIANCE name and mark…will be terminated immediately."

23. The Alliance Companies' and ADS's marks, alone or in context accompanied by their respective trade dress, are not substantially similar to one another, nor are the operations of Alliance Companies' and ADS substantially similar, so as to present a reasonable confusion, mistake, or deception as to: (1) the presence or absence of affiliation, connection or association of The Alliance Companies with ADS; or (2) the perceived origin, sponsorship, or approval of The Alliance Companies' goods, services or commercial activities by ADS.

24. The Alliance Companies are aware of no instances of confusion that have resulted from the establishment and operation of The Alliance Companies over the past four years.

25. Because of ADS's threats, The Alliance Companies face significant harm to their business. The Alliance Companies are operating under the mark ALLIANCE, promoting their business and garnering good will thereunder, the value of which is threatened by ADS's baseless allegations.

## COUNT I
### (Declaratory Judgment—28 U.S.C. § 2201)

26. The Alliance Companies hereby repeat and reallege the allegations contained in paragraphs 1-24.

27. As described above, there exists and actual and justiciable controversy between The Alliance Companies and ADS as to the scope and extent of the parties' rights in their respective marks and specifically whether The Alliance Companies' use of their mark infringes ADS's alleged rights.

28.  Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, The Alliance Companies are entitled to judgment declaring that ADS cannot prevent The Alliance Companies from using their family of marks, including the ALLIANCE mark, in their nationwide business. The Alliance Companies are further entitled to a judgment declaring that their use of their family of marks, including the ALLIANCE mark (and design), is not likely cause confusion with ALLIANCE DATA SYSTEMS; that their use of the ALLIANCE family of marks has not, does not, and will not infringe upon ADS's alleged statutory and/or common law rights in and to the mark ALLIANCE DATA SYSTEMS (and design); and that ADS will not be harmed or damaged by The Alliance Companies' use of their trademarks.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this court to enter judgment in its favor against ADS,

(a) adjudging and declaring that ADS cannot prevent The Alliance Companies from using their family of marks, including the ALLIANCE mark, in nationwide business practice; that The Alliance Companies' use of their family of marks, including the ALLIANCE mark, is not confusingly similar to the mark ALLIANCE DATA SYSTEMS; that The Alliance Companies' use of their family of marks, including the ALLIANCE mark, have not, do not, and will not infringe upon ADS's statutory and/or common law rights in and to the mark ALLIANCE DATA SYSTEMS; and that ADS has not been and will not be harmed or damaged by The Alliance Companies' use of their marks.

(b) awarding The Alliance Companies their costs of suit and reasonable attorneys' fees; and,

(c)  granting The Alliance Companies such other and further relief as the court deems just and proper.

Respectfully submitted,

ALLIANCE COMPANIES LLC, ALLIANCE PARTNERSHIP SERVICES LLC, ALLIANCE CREDIT SERVICES LLC, ALLIANCE FINANCIAL SERVICES LLC, ALLIANCE AFFINITY SERVICES LLC, AND ALLIANCE MARKETING SERVICES LLC,

By their attorneys,

_____
R. David Hosp (BBO # 634091)
Sheryl A. Koval (BBO # 657795)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Phone (617) 570-1000
Facsimile (617) 523-1231

Dated: April 19, 2005

LIBA/1528212.1

$\textnormal{\textcircled{S}}$JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05CV10781 NMG

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alliance Companies LLC, et al

**DEFENDANTS**
Alliance Data Systems Corporation

(b) County of Residence of First Listed Plaintiff   **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
R. David Hosp     Tel.: 617-570-1000
Goodwin Procter LLP, Exchange Place, Boston, MA 02109

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2201
Brief description of cause:
See attached

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 04/19/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Attachment**

Plaintiffs Alliance Companies LLC, Alliance Partnership Services LLC, Alliance Credit Services LLC, Alliance Financial Services LLC, Alliance Affinity Services LLC, and Alliance Marketing Services LLC (collectively "The Alliance Companies" or "Plaintiff"), by their attorneys, bring this action for declaratory and other relief against Alliance Data Systems Corporation ("ADS" or "Defendant") pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

The Alliance Companies seek a judgment declaring that ADS cannot prevent the Alliance Companies from using their family of ALLIANCE marks to promote their goods and services in the Commonwealth of Massachusetts. The Alliance Companies further seek a judgment declaring that their use of their trademarks and associated trade dress, in connection with its offering of financial services is not likely to cause confusion, or to cause mistake, or to deceive as to: (1) the presence of absence of affiliation, connection or association of The Alliance Companies with ADS; (2) or the perceived origin, sponsorship, or approval of The Alliance Companies' goods, services, or commercial activities by ADS.

05cv10781 NMG

LIBA/1531085.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Alliance Companies LLC v. Alliance Data Systems Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 10781 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __R. David Hosp, Esq.__
ADDRESS __Goodwin Procter LLP, Exchange Place, Boston, MA 02109__
TELEPHONE NO. __617-570-1000__

(CategoryForm.wpd - 2/15/05)